## SANCHEZ vs. STOUT.

*Twelfth Judicial District Court, September, 1857.*

### CONTINUANCE.

A defendant, as well as a plaintiff, may have a cause continued, after the trial has commenced, on the ground of surprise.

This is an action of ejectment, brought by Francisco Sanchez, against Arthur B. Stout, and others, to recover possession of an hundred vara lot, situated in the city of San Francisco. The plaintiff submitted the case upon the pleadings, it having been averred in the complaint, and not denied in the answer, that a grant of the land in controversy, had been made to the plaintiff.

On the back of the grant, which was put in evidence by the defendants, Sanchez executed a deed of the premises to one "El Moro," who, dying, conveyed the same by a "Spanish will," to the grantors of these defendants. A witness, to prove this will, named Gregorio Escalante,

was offered by the defendants. Upon his taking the stand, plaintiffs examined him touching his competency as a witness, when he stated that he was a native of Manila, that his father was a Spaniard, but did not know the parentage of his mother. A witness was then introduced by plaintiff, who had long resided in Manila, and who, from Escalante's appearance, judged him to be a "Chinese Mestizo," i. e. a mixture of Chinese and other blood. Plaintiff objected to the introduction of his testimony, as being within the rule declared by the supreme court in the case of the People vs. Hall, 4 *Cal.* p. 399. The court sustained the objection, and did not permit him to be introduced. A part of the testimony in a deposition offered in evidence by defendants, was also ruled out.

Defendants then asked to have the jury discharged, and the case go over the term, on the ground that they were surprised, firstly, by the exclusion of portions of the deposition, and secondly, by that of the witness Escalante.

In support of the motion, the defendants read an affidavit to the effect that they had no suspicion that the witness was not a native Californian, until the objection was taken on the trial, but supposed that he was, from his appearance and language, and his having been one of the old residents of this district.

*Bennett* and *Sutherland*, for plaintiff.

*Crockett & Page*, for defendants.

NORTON, J.—Although it is not usual for a case to be continued, after trial begun, at the instance of the defendant, on the ground of surprise, upon his part, yet there seems to be no good reason why such a course should not be permitted. The practice which obtains in our courts, of allowing a plaintiff to withdraw a juror and continue a case, on the above ground, is one which, it seems to me, is not founded in good policy ; it would be better, in all such cases, to let the trial proceed, and leave the parties to their remedy, by a motion for a new trial, but the practice is too well settled to be now changed by this court. The second ground upon which this motion is based, falls within the established rule, inasmuch as Escalante's appearance and language certainly would tend to throw counsel off from any inquiry into

his nativity, but which being ascertained, renders him clearly incompetent as a witness. The first ground of surprise advanced for the granting of this motion, is insufficient, but as the second would have been a good one, under our practice, had it been presented by a plaintiff, under similar circumstances, I will hold it to be so now, and will grant defendants' motion.